IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH FELDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV303 |
| | ) | |
| v. | ) | |
| | ) | |
| TD AMERITRADE HOLDING CORPORATION, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant TD Ameritrade Holding Corporation's ("TD Ameritrade") motion to dismiss, Filing No. 10. This is an action for a declaration of rights and responsibilities under an employee stock option agreement. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

In his amended complaint, plaintiff Kenneth Feldman ("Feldman"), a former employee of TD Ameritrade, seeks a determination of his right to exercise certain stock options pursuant to the Non-Qualified Stock Option Agreement for Executives ("Stock Option Agreement") attached as Exhibit A to the amended complaint. Filing No. 3. TD Ameritrade moves to dismiss for failure to state a claim upon which relief can be granted, contending that Feldman's claim is precluded by the express terms of the Stock Option Agreement and Ameritrade's 1996 Long-Term Incentive Plan ("Incentive Plan"), which is also referenced in the amended complaint. See Filing No. 3, Amended Complaint at 1; Filing No. 12, Index of Evidence, Declaration of Kelli S. Eickhoff, Ex. A, Incentive Plan.

Defendant also contends that the court lacks jurisdiction over certain of plaintiff's claims as they are not ripe for review and do not present a justiciable controversy.[1]

In reviewing a complaint under Fed. R. Civ. P. 12(b)(6), the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Emps. v. BNSF R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6). *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003).

In considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. *Id.* at 698 n.4. (referring to writings that may be viewed as attachments to a complaint, such as the contracts upon which his claim rests); *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding

---

[1] Those claims involve a determination of Feldman's rights to exercise stock options in the event that he were to die or become disabled, or the company were to experience a change of control, before the end of the one-year period following Feldman's termination, or September 2, 2006. That date has passed, so the issue is no longer whether the claims are ripe for review, but whether they are now moot. The court is unable to make that determination at this stage of the proceedings.

a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.").

The Declaratory Judgment Act is a procedural statute providing an additional remedy in cases in which federal courts already have jurisdiction, and should be given a liberal interpretation. *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 137 F.2d 176, 179 (5th Cir. 1943). "Proceedings under the Declaratory Judgment Act are governed by the same pleading standards that are applied in other federal civil actions." Charles Alan Wright & Arthur R. Miller, 5 Federal Practice & Procedure (Civil) § 1238 at 285 3d ed. 2006. The plaintiff must allege a "justiciable controversy" in order to state a claim for declaratory relief. *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273-74 (1941); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-42 (1937). The complaint must disclose "a legal right, relation, status, or interest claimed by plaintiff over which a dispute with the defendant has arisen." *Paper Carriers Union No. 450 v. Pulitzer Pub. Co.,* 309 F.2d 716, 718 (8th Cir. 1962). In order to present a "controversy," a question must not be abstract but must define an issue that is concrete and specific. *Cass County v. United States,* 570 F.2d 737, 740 (8th Cir. 1978).

Feldman's amended complaint states a claim for declaratory relief to determine and enforce his rights under the Stock Option Agreement. The amended complaint alleges that Feldman has legal rights to certain stock options and that TD Ameritrade disputes his right to exercise those options. The dispute involves the meaning and interpretation of the Stock Option Agreement, the Incentive Plan, and Feldman's employment contract. Construction of those agreements is the ultimate issue for resolution by the court. The

court is not able to determine or resolve alleged ambiguities among and between the documents at this stage of the proceedings. Defendant has not shown at this stage of the pleadings that the language in the agreements presents an insuperable bar to relief. Feldman's amended complaint thus alleges a definite and concrete controversy that is appropriate for judicial determination. Accordingly, the court finds that TD Ameritrade's motion to dismiss should be denied.

IT IS ORDERED:

1. The defendant's motion to dismiss is denied.

2. The defendant shall file an answer or other responsive pleading within ten days of the date of this order.

DATED this 8th day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge