# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH FELDMAN, ) | |
| ) | 8:06CV303 |
| Plaintiff, ) | |
| ) | PROTECTIVE ORDER |
| vs. ) | |
| ) | |
| TD AMERITRADE HOLDING ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on a joint motion for Protective Order stipulated to by both Plaintiff Kenneth Feldman and Defendant TD AMERITRADE Holding Corporation. The Court, having been fully advised as to the circumstances of said motion, hereby finds that it should be granted.

**IT IS ORDERED:**

The joint motion for protective order (Filing No. 49) is granted, pursuant to the defendant's motion and Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is entered with respect to the treatment of "Confidential Documents" designated pursuant to this Order according to the terms set forth herein.

1. As used herein:
    a. "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of the any attorney representing any Party;
    b. "Confidential Document(s)" shall mean any document or documents which contain any trade secret, sensitive or proprietary business information, or private financial information pertaining to any Person, Party, or any customer of any Party, so designated by any undersigned party pursuant to Paragraph 2 of this Protective Order, regardless of when Disclosed;

  c. "Consultant" shall mean any expert retained or hired by a Party or Attorney in this case for the purpose of providing expert testimony in the trial of this matter, or for the purpose of assisting a Party or Attorney in any manner in the litigation of this case, and includes in-house experts and/or technical personnel of the Parties;

  d. "Disclose(d)" shall mean divulged, shown, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated;

  e. "Disclosing Party" shall mean the Party disclosing a "Confidential Document";

  f. "Party" shall mean any named Plaintiff or Defendant in this case, including their employees, agents and representatives. The term "Parties" shall collectively refer to the named Parties to this action and their respective employees, agents and representatives;

  g. "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity, other than a Party; and

  h. "Witness" shall mean any non-party identified as a witness or potential witness for purpose of providing testimony it the above-captioned matter.

2. Any Disclosing Party may designate any document, or group of documents in its possession or control, to be "Confidential Documents" subject to the protection of this Protective Order by:

  a. Clearly marking or stamping each such document "CONFIDENTIAL" prior to Disclosure; or

  b. Notifying each Party in writing, within fourteen (14) days after disclosure, of the designation of each "Confidential Document" previously Disclosed by reasonably identifying each such Confidential Document; or

  c. Notifying each Party in writing, within fourteen (14) days after this Protective Order is entered, of the designation of each "Confidential Document" Disclosed prior to entry of this Protect Order, by reasonably identifying each such Confidential Document.

 3. Every "Confidential Document" so designated by any Disclosing Party pursuant to Paragraph 2 of this Protective Order, shall by agreement be presumed to contain confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7).

 4. Confidential Documents Disclosed to any Party shall be used solely for the purpose of prosecuting or defending the above captioned matter and any subsequent appeal.

 5. Confidential Documents may be Disclosed to any Witness or Consultant who complies with Paragraph 6 of this Protective Order, solely for purpose of assisting any Party in the prosecution or defense of the above captioned matter and any subsequent appeal.

 6. No Party or Attorney shall Disclose any Confidential Document, or information contained therein, to any Witness or Consultant, unless and until such Witness or Consultant has: (1) read this Protective Order, and (2) has signed the following acknowledgment agreeing to be bound by the Protective Order:

> I hereby certify that I have read the Protective Order issued in the matter of *Kenneth Feldman v. TD Ameritrade Holding Corporation* before the United States District Court for the District of Nebraska, Case No. 8:06CV303, and agree to be bound by its terms.  I understand that I am being shown "Confidential Documents" subject to the terms of the Protect Order and I hereby promise and agree not use or disclose any information contained in any "Confidential Documents" for any purpose unrelated to the aforementioned litigation.

| _____ | _____ |
|---|---|
| Date | Signature |

Each Attorney or Party shall maintain their own file of such written agreements until this action is fully completed.

7. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, to any Person not authorized herein.

8. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, for any purpose unrelated to this litigation, including but not limited to, any personal, business or competitive purpose.

9. At any deposition during which Confidential Documents will be Disclosed, shown or used, the Disclosing Party shall have the right to demand that every Person in attendance execute an acknowledgment containing language set forth in Paragraph 6 of this Protective Order, or be barred from the proceeding for any period that Confidential Documents will be shown.  No Confidential Document shall be shown to any Party, Witness or Consultant during any proceeding until every Person in attendance has executed an acknowledgment which complies with Paragraph 6 of this Protective Order or has left the room, if so requested by the Disclosing Party.

10. If a Confidential Document is marked or attached by any Party or Attorney during the deposition of any Party, Consultant or Witness, the Disclosing Party shall have the right to: (1) notify the court reporter of the existence and content of this Protective Order; (2) direct the court reporter to maintain all Confidential Documents in a sealed envelope; (3) instruct the reporter not to copy any Confidential Document or portion thereof without the express written consent of the Disclosing Party; and (4) instruct the court reporter that no Person should be allowed to review any Confidential Document under seal other than a Party, Attorney or the Court.

11. Any Disclosing Party may request the Court to order that Confidential Documents be kept under seal and that any proceeding regarding Confidential Documents or information contained therein to be conducted before the Court outside the presence of the public.

12. Upon final resolution of the above-captioned matter, including any appeal, writ, or petition for review, within fourteen (14) days of the final conclusion of the above-captioned matter, each party shall return to the Disclosing Party all Confidential Documents disclosed during the course of this litigation, including all internal copies or copies provided to any Witness or Consultant.

13. The Parties may modify or waive any provision of this Protective Order in writing, without obtaining leave of Court thru mutual consent.

14. Any Party, upon good cause shown, may challenge the presumption set forth in Paragraph 3 of this Protective Order, or seek relief from any obligation imposed by this Protective Order, by filing an appropriate motion with the above-captioned Court.

15. All evidentiary objections with respect to any Confidential Document are expressly reserved and no Party waives any objection to any such Confidential Document by executing this Protective Order.

DATED this 7th day of March, 2007.

> BY THE COURT:
>
> s/Thomas D. Thalken
> United States Magistrate Judge

Stipulated and Agreed to By:

| TD AMERITRADE HOLDING CORPORATION, Defendant | KENNETH FELDMAN, Plaintiff |
|---|---|
| By: /s/ Rebecca B. Gregory<br>Thomas H. Dahlk (#15371)<br>Rebecca B. Gregory (#22901)<br>BLACKWELL SANDERS PEPER MARTIN LLP<br>1620 Dodge Street, Suite 2100<br>Omaha, NE 68102<br>Tel. (402) 964-5000<br>Fax (402) 964-5050<br>tdahlk@blackwellsanders.com<br>rgregory@blackwellsanders.com<br>ATTORNEYS FOR DEFENDANT | By: /s/ Patrick M. Flood<br>Patrick M. Flood (#19042)<br>Emily L. Jung (#23080)<br>444 Regency Parkway Dr., #310<br>Omaha, NE 68114<br>Tel. (402) 397-1140<br>Fax (402) 397-1199<br>patflood@hotzweaver.com<br>emilylangdon@hotzweaver.com<br>ATTORNEYS FOR PLAINTIFF |